IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER BURTON, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:17-CV-1563-D |
| ) | |
| MI COCINA and HIGHLAND PARK ) | |
| VILLAGE, ) | |
|     Defendants. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Mi Cocina restaurant and Highland Park Village shopping center. The Court has not issued process pending judicial screening.

Plaintiff has filed this case and two others regarding his arrest and charges in Dallas, Texas and Oklahoma. *See Burton v. Reckitt Benkise Group, Inc.*, No. 3:17-CV-1491-M (N.D. Tex.) and *Burton v. Proctor and Gamble Co.*, No. 3:17-CV-1190-B (N.D. Tex.). Plaintiff claims that in January, 2014 he was taking cold and flu medicine that caused him to have a mental break-down. He states the medicine "gave me a false sense of reality. I thought my girlfriend was God and that I was in heaven." (*See* Compl. in Cause No. 3:17-CV-1491-M, ECF No. 3 at 5.) During this time, he went to Mi Cocina in Highland Park Village to have lunch. He states he

was praying over his food when the manager accused him of causing a disturbance. Plaintiff states he paid his bill and left to go to his truck. The manager called Highland Park Village security. Plaintiff alleges the security officers wore black polo shirts and jeans, and that he did not know they were security officers. He states he was in his truck when a security officer opened the door and pointed a gun at him. He claims that "[a]t this time I thought Armageddon had begun." (*Id.*) He states he fled in his truck. Highland Park City police officers began pursuing him. He drove to Oklahoma where he drove through a road block and was apprehended when tire spikes disabled his tires. When he was apprehended in Oklahoma, he told officers he was Jesus Christ. (*Id.*)

In Dallas County, Plaintiff was charged with evading arrest and aggravated assault of a public servant in cause numbers F-1432161 and F-1432162. On February 2, 2017, the trial court found him not guilty by reason of insanity. The court also committed him to a mental hospital for an evaluation. Plaintiff states he is in Dallas County Jail awaiting placement in a mental hospital.

Plaintiff claims the Mi Cocina manager violated his right to exercise his religion, and that Highland Park Village security officers failed to identify themselves as security officers and did not wear a uniform or badge. Plaintiff seeks money damages and a state law that requires security officers to wear clearly marked uniforms and badges.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to allege or show that either Mi Cocina, or the Mi Cocina manager, acted under color of state law. Mi Cocina should therefore be dismissed.

At this stage of the proceedings, it is unclear whether Highland Park Village acted under

color of law by employing armed security officers. A private person may qualify as a state actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). The Court need not decide this issue, however, because even if the security officers acted under color of law, Plaintiff has failed to allege that Defendant Highland Park Village was personally involved in the alleged deprivation of his rights. It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). While Plaintiff alleges the security guards did not wear clearly marked uniforms or a badge, he has alleged no unconstitutional policy or custom. Plaintiff's claims should be dismissed.

IV.

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).